UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANEQUA ROBINSON o/b/o N.R.,

    Plaintiff,

v.                                                      Case No: 8:21-cv-02448-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff, Shanequa Robinson, on behalf of N.R. (Claimant), a child, seeks judicial review of the denial of Claimant's claim for supplemental security income (SSI). As the Administrative Law Judge's (ALJ) decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A. Procedural Background

On May 31, 2019, Plaintiff filed an application for SSI on Claimant's behalf. (Tr. 149–55.) The Commissioner denied Plaintiff's claim both initially and upon reconsideration. (Tr. 69–78, 81–90.) Plaintiff then requested an administrative hearing. (Tr. 106.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff and Claimant appeared and testified. (Tr. 39–67.) Following the hearing, the ALJ

issued an unfavorable decision finding Claimant not disabled and accordingly denied Claimant's claim for benefits. (Tr. 18–38.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–6.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Claimant, who was born in 2004 and was an adolescent child on the date the application was filed, claims disability beginning on March 1, 2019. (Tr. 69, 81.) Plaintiff alleged Claimant's disability due to Crohn's disease, small intestine issues without complications, lactose intolerance, nausea, and diarrhea. (Tr. 70, 81, 163.)

In rendering the decision, the ALJ determined Claimant had not engaged in substantial gainful activity since May 31, 2019, the application date. (Tr. 24.) After conducting a hearing and reviewing the evidence of record, the ALJ found Claimant had the following severe impairment: Crohn's disease. (Tr. 24.) Notwithstanding the noted impairment, the ALJ determined that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing). (Tr. 25.) The ALJ further found that Claimant did not have an impairment or combination of impairments that functionally equaled a Listing. (Tr. 25–34.) In making this determination, the ALJ concluded that Claimant had a marked limitation in the domain of health and physical well-being; and no limitations in the domains of acquiring and using information, attending and completing tasks, interacting and

relating with others, moving about and manipulating objects, and caring for herself. (Tr. 28–34.) Accordingly, the ALJ found Claimant not disabled. (Tr. 28–34.)

## APPLICABLE STANDARDS

The Social Security Act (SSA) provides that an individual younger than the age of 18 is considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations and that can be expected to result in death or that lasted, or can be expected to last, for at least 12 continuous months. 42 U.S.C. § 1382c(a)(3)(C)(i).

Child disability claims are assessed under a three-step sequential analysis. 20 C.F.R. § 416.924(a). Under this process, the ALJ must determine, in sequence, (1) whether the claimant is engaging in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; and (3) whether the claimant's impairment or combination of impairments meets, medically equals, or functionally equals a Listing. *Id.*

To "meet" a Listing, a child must actually suffer from one of the limitations stated in the Listing. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004). To "medically equal" the limitations found in a Listing, the child's limitations must be "at least of equal medical significance to those of a listed impairment." *Id.* (citing 20 C.F.R. § 416.926). Alternatively, if a child's impairment does not meet or medically equal a Listing, a child may be found disabled if the child's impairment "functionally equals" a Listing, which is determined by the extent to which the impairment limits the child's ability to function in the following six domains

of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Shinn*, 391 F.3d at 1279; 20 C.F.R. § 416.926a(b)(1)(i)–(vi).

A child's limitations "functionally equal" those in the Listing, and thus constitute a disability, if the child's limitations are "marked" in two of the six domains or are "extreme" in one of the six domains. 20 C.F.R. § 416.926a(a), (d). A child's limitation is "marked" when it is "more than moderate" but "less than extreme." *Id.* § 416.926a(e)(2)(i). A marked limitation "interferes seriously" with a child's "ability to independently initiate, sustain, or complete activities." *Id.* An "extreme" limitation is a limitation that is "more than marked" and "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(3)(i). When determining functional equivalence, the ALJ evaluates the "whole child," including "by considering how the child functions every day and in all settings compared to other children the same age who do not have impairments." Social Security Ruling (SSR) 09-1P, No. SSA-2008-0062, 2009 WL 396031, at *2 (Feb. 17, 2009).

Further, when determining whether a child is disabled, the ALJ must evaluate "any limitations in [the child's] functioning that result from [his or her] symptoms, including pain." 20 C.F.R. § 416.924(a) (citing 20 C.F.R. § 416.929). Thus, in addition to objective record evidence, the ALJ must consider a claimant's subjective symptoms and the extent to which those symptoms can reasonably be accepted as

consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929. To evaluate whether a claimant has established disability through the claimant's testimony of subjective symptoms, the ALJ must apply the following test: first, the ALJ must determine whether there is evidence of an underlying medical condition, and second, whether there is objective medical evidence substantiating the severity of the symptoms from the condition or whether the medical condition is of sufficient severity that it would reasonably be expected to produce the symptoms alleged. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *see* 20 C.F.R. § 416.929.

If an ALJ determines that a claimant's medical condition could reasonably be expected to produce the claimant's symptoms, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms to determine their effect on the claimant's functional limitations. *Klawinsky v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776–77 (11th Cir. 2010); 20 C.F.R. § 416.929(c)(1). In doing so, the ALJ considers all available evidence, including objective medical evidence, medical opinions, the claimant's statements about his or her symptoms, the claimant's daily activities, the frequency and intensity of the claimant's pain or other symptoms, the medications the claimant takes to alleviate pain or other symptoms, and the type of treatment the claimant receives. 20 C.F.R. § 416.929(c); *see Douglas v. Comm'r, Soc. Sec. Admin.*, 832 F. App'x 650, 657 (11th Cir. 2020). The ALJ also considers "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence." 20 C.F.R. § 416.929(c)(4).

A determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence in the record and comports with the applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is more than a scintilla and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court reviews the Commissioner's decision with deference to the factual findings, however, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

Further, if the ALJ decides to discount a claimant's subjective testimony about the intensity, persistence, and limiting effects of her symptoms, the ALJ must articulate explicit and adequate reasons for doing so. *Holt*, 921 F.2d at 1223; *see Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). The ALJ's decision "does not need to cite 'particular phrases or formulations; but it cannot merely be a broad rejection which is 'not enough to enable [the court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). On appeal, "[t]he question is not . . . whether the ALJ could have reasonably credited [claimant's symptom] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011). If the ALJ's "clearly articulated credibility

finding" is supported by substantial evidence in the record, the ALJ's finding shall not be disturbed. *Foote*, 67 F.3d at 1562.

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited solely to determining whether the findings of the Commissioner are supported by substantial evidence and whether the proper legal standards were applied. 42 U.S.C. § 405(g); *Wilson*, 284 F.3d at 1221.

## ANALYSIS

Plaintiff challenges the ALJ's decision and contends that the ALJ erred in finding that Claimant had no limitation in the domain of attending and completing tasks based on Claimant's testimony that her pain from Crohn's disease flare-ups causes her to miss 2–3 days of school per month. (Dkt. 17 at 8–9.) Plaintiff argues that remand is necessary "[b]ecause no reasonable person would arrive at any different conclusion than [Claimant having] at least marked limitations in concentrating and attending tasks 2 to 3 days per month" due to her pain. (*Id.* at 9.) For the following reasons, Plaintiff's contention does not warrant reversal.

When evaluating a child's limitations in the domain of "attending and completing tasks," the ALJ considers how well a child is able to focus and maintain

attention, as well as how well the child can carry out activities from start to finish, including the pace at which the child performs the activities and the child's ability to change activities. 20 C.F.R. § 416.926a(h). SSR 09-4P provides additional guidance and states, in part:

> In the domain of "Attending and completing tasks," we consider a child's ability to focus and maintain attention, and to begin, carry through, and finish activities or tasks. We consider the child's ability to initiate and maintain attention, including the child's alertness and ability to focus on an activity or task despite distractions, and to perform tasks at an appropriate pace. We also consider the child's ability to change focus after completing a task and to avoid impulsive thinking and acting. Finally, we evaluate a child's ability to organize, plan ahead, prioritize competing tasks, and manage time.

SSR 09-4P, No. SSA-2008-0062, 2009 WL 396033, at *2 (Feb. 18, 2009). An adolescent (a child between age 12 to attainment of age 18) without impairments in this domain "should be able to pay attention to increasingly longer presentations and discussions, maintain [] concentration while reading textbooks, [] independently plan and complete long-range academic projects . . . organize [] materials and [] plan [her] time in order to complete school tasks and assignments." 20 C.F.R. § 416.926a(h)(2)(v). The Social Security regulations also provide several nonexclusive examples of limited functioning in this domain, such as being easily startled, distracted, or overreactive; being slow to focus and failing to complete activities; repeatedly becoming sidetracked or frequently interrupting others; becoming easily frustrated and giving up on tasks; and requiring extra supervision to stay engaged in activities. *Id.* § 416.926a(h)(3)(i)–(v). The domain of attending and completing tasks "covers only the mental aspects of task completion" however, "a physical

- 8 -

impairment(s) can also affect a child's mental ability to attend and to complete tasks. For example, pain caused by a musculoskeletal disorder can distract a child and interfere with the child's ability to concentrate and to complete assignments on time." SSR 09-4P, 2009 WL 396033, at *2–3. Because "any given impairment may have effects in more than one domain," the ALJ must "evaluate the limitations from [the child's] impairment(s) in any affected domain(s)." 20 C.F.R. § 416.926a(c).

Upon consideration, the court finds that the ALJ employed the proper legal standards in determining that Claimant has no limitation in the domain of attending and completing tasks and the ALJ's decision is supported by substantial evidence. Initially, the ALJ's decision articulated explicit and adequate reasons in considering Claimant's subjective testimony and finding that it was not entirely consistent with the medical evidence and other evidence in the record. (Tr. 26–27.) Within the decision, the ALJ provided a detailed discussion of Claimant's and Plaintiff's hearing testimony, including that Claimant testified:

> she was 16 years old and in the 11th grade. She indicated that she was on a 504 plan due to Crohn's disease. She was given accommodations such as extended time to complete assignments/tests and extra restroom breaks. She testified that her favorite class was history and least favorite class Spanish. She was happy with her grades but missed 2 to 3 days of school per month due to abdominal pains because of Crohn's flare-ups. She already completed driver's education, had a permit, and enjoyed driving. Although walking around was somewhat helpful, she indicated that medications were not helpful in relieving her pain. She testified that she had friends and got along with schoolteachers, her mother, and siblings.

(Tr. 26.) In analyzing this testimony, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with

the objective medical evidence and other evidence, based on the requirements of 20 [C.F.R. §] 416.929 and SSR 16-3p." (Tr. 26.) Based on the evidence of record, the ALJ concluded that Claimant's "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however [Claimant's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (Tr. 26–27.) The ALJ thus appropriately applied the Eleventh Circuit's standard for evaluating subjective complaints of pain and other symptoms. *See Wilson*, 284 F.3d at 1225–26; *Danan v. Colvin*, No. 8:12-cv-7-T-27TGW, 2013 WL 1694856, at *3 (M.D. Fla. Mar. 15, 2013).

The ALJ's decision that Claimant's testimony was not entirely consistent with the medical evidence and other evidence in the record was also supported by substantial evidence. (Tr. 26–27.) Specifically, the ALJ noted that records reflecting Claimant's treatment for complaints of abdominal pain were consistent in part with Claimant's allegations, but that her physical exams consistently yielded normal or unremarkable findings. (Tr. 27.) For example, physical examination findings repeatedly showed that Claimant had normal musculoskeletal and neurological functioning. *See, e.g.*, (Tr. 296–98, 300, 303–05, 307, 309, 313, 317, 321, 343, 349, 354, 405, 409, 411, 417, 421, 425, 427, 435, 442, 449, 477, 484, 491, 498.) The ALJ also found that despite Claimant's complaints of abdominal pain with nausea, appetite disturbance, vomiting, and diarrhea, Claimant's examination notes consistently indicated that her abdomen was soft and non-distended, with no masses, no

hepatosplenomegaly, and normal bowel sounds.  *See, e.g.*, (Tr. 296–97, 301, 305, 309, 315, 319, 322, 342–43, 349, 354, 407, 411, 418, 423, 427, 435, 442, 449, 477, 484, 491, 498.)  The ALJ further noted Claimant's conservative treatment for her symptoms, including by referral to gastroenterology and through monitoring and medication.  *See, e.g.*, (Tr. 305–06, 310, 315, 319, 323, 337–38, 343–44, 349–50, 355–57, 407, 411, 419, 423, 427, 435–37, 449–52, 477–80, 484–86, 498–501.)  Indeed, where her treatment went beyond these measures and included the conducting of an ultrasound in April 2019 and an endoscopy and colonoscopy in April 2019 and December 2019, the findings were "unremarkable, with the exception of gastric erosions of the stomach, erosion in the sigmoid colon, and multiple superficial erosions in the terminal colon."  (Tr. 27 (citing Tr. 292, 360–61, 453–54, 504–05).)

In discounting Claimant's subjective complaints, the ALJ also considered Claimant's activities of daily living, including that in September 2020, "she was a junior in high school with good grades[,] reported no substantial behavior problems at school/home and liked to dance with her little cousins and niece . . . [S]he had a boyfriend of 7 months that she saw only at school [and Plaintiff] reported that [Claimant] helped with watching her niece/nephew and cleaning up."  (Tr. 27 (citing Tr. 529).)  The ALJ also considered that Claimant was given accommodations in school through a 504 plan, maintained a 2.10 state and district GPA, missed a total of 18 days and was tardy 8 times in the 2019–2020 school year, and had 7 absences so far in the 2020–2021 school year.  (Tr. 27 (citing Tr. 258–82).)  Finally, the ALJ found as persuasive the opinions of state agency medical consultants, who considered the

record evidence and found that Claimant had a marked limitation in the domain of health and physical well-being, but found that she had no limitation in the remaining domains, including attending and completing tasks. (Tr. 27–28 (citing Tr. 69–78, 81–90).)

Thus, substantial evidence supported the ALJ's decision that Claimant's complaints about the intensity and persistence of her pain and other symptoms was not "entirely consistent with the medical evidence and other evidence in the record." (Tr. 26–27); *see Douglas*, 832 F. App'x at 657 ("[T]he ALJ's determination that Douglas's subjective testimony regarding her symptoms was not credible was supported by substantial evidence, including the objective medical evidence and the evidence regarding Douglas's daily activities and treatment history."); *Gaffney o/b/o J.K. v. Saul*, No. 8:18-cv-1703-T-AAS, 2019 WL 4238107, at *7–8 (M.D. Fla. Sept. 6, 2019) (affirming ALJ's decision in part where ALJ properly found plaintiff's testimony about the severity of child-claimant's complaints and impairments was inconsistent with the record).

The ALJ further applied the appropriate legal standards in finding that Claimant had no limitation in the domain of attending and completing tasks and that decision was also supported by substantial evidence. (Tr. 29–30.) In reaching that conclusion, the ALJ cited the appropriate regulations and SSR, and provided a detailed summary of the standards used to assess that domain. (Tr. 29.) Similar to the discussion of Claimant's subjective complaints, the ALJ also recounted the record evidence indicating that despite Claimant's testimony that she misses 2–3 days of

school per month due to her Crohn's disease, Claimant's pain does not significantly interfere with her ability to attend and complete tasks and her academic performance. (Tr. 30); *see* 20 C.F.R. § 416.926a(e)(2)(i).

For example, the ALJ noted a wellness checkup at age 13, which indicated no abnormal findings and that Claimant had "[g]ood school performance," normal growth and development, "[n]o concerns at school," and that Claimant was "reading and doing math at grade level." (Tr. 30 (citing Tr. 296).) The ALJ also noted that in the eleventh grade, Claimant maintained a 2.10 state and district grade point average and was provided with several accommodations through a 504 plan to alleviate the effects that her Crohn's disease may have on her academic performance. (Tr. 30 (citing Tr. 258–82).) Claimant's 504 plan included accommodations for her difficulties with "[o]rganization/focus," including "additional time to complete assignments and/or when [she] misses class due to inflammation/flare up of disease . . . [f]lexible seating, near classroom door or near bathroom," and that Claimant was allowed "to use [the] bathroom and/or go to the nurse when she begins to have abdominal/intestine discomfort." (Tr. 270.) On standardized tests, Claimant was also allowed small group testing, extended time, and frequent breaks. (Tr. 270.) Indeed, within the 504 plan itself, Claimant indicated that her Crohn's disease had only a moderate effect on her concentration and thinking, while noting that it had a substantially severe effect on her bowel function and an extremely severe effect on her digestive function. (Tr. 272–74.)

In finding no limitation, the ALJ also considered that while Plaintiff reported in June 2019 that Claimant was limited "in her ability to pay attention and stick with

a task . . . she did not indicate[] any specific limitations" in that regard, as she had done on other questions about Claimant's functioning within that same report. *Compare* (Tr. 176) *with* (Tr. 172, 173, 174).  Further, although Claimant reported that she had "problems with concentration" in a September 2020 mental status assessment, she also reported that her grades in school were "good" and denied getting into trouble at school. (Tr. 539.)  As part of that assessment, the examiner also noted that Claimant was oriented to person, place, and time, had an adequate fund of knowledge, her recent and long-term memory were within normal limits, her thought process was logical, her perpetual disturbances and thought control were unremarkable, and she had good judgment and insight. (Tr. 540–41.)  In summarizing Claimant's condition, the examiner found that Claimant "had normal speech patterns and no evidence of cognitive deficiencies . . . [She] appears to have no evidence of visual or auditory hallucinations or delusions.  No problems with cognitive functions or memory are reported nor appeared to be abnormal when assessed." (Tr. 542.)  As noted above, the ALJ also found persuasive the findings of the state agency consultants, who found in their analysis of the record evidence that Claimant had no limitation in attending and completing tasks. (Tr. 27–28 (citing Tr. 69–78, 81–90).)

Substantial evidence thus supports the ALJ's decision that Claimant had no limitation in the domain of attending and completing tasks. *See Planas o/b/o A.P. v. Comm'r of Soc. Sec.*, 842 F. App'x 495, 500 (11th Cir. 2021) (affirming finding that claimant had no limitation in attending and completing tasks where plaintiff "provided no direct evidence that her [daughter's] illness 'interfered seriously' with [her]

- 14 -

academics"); *Jackson v. Kijakazi*, No. 8:20-cv-2013-JSM-TGW, 2021 WL 6011924, at *4 (M.D. Fla. Nov. 29, 2021) ("In light of those four medical opinions supporting the law judge's finding of a less than marked limitation in interacting and relating with others, it is not reasonable to conclude that the evidence compels a contrary finding."), *report and recommendation adopted sub nom. Jackson v. Comm'r of Soc. Sec.*, No. 8:20-cv-2013-JSM-TGW, 2021 WL 5999297 (M.D. Fla. Dec. 20, 2021); *Straughter v. Kijakazi*, No. 8:21-cv-1844-AAS, 2022 WL 4448707, at *5 (M.D. Fla. Sept. 23, 2022) (finding that substantial evidence supported a finding of less than a marked limitation in attending and completing tasks in part where school plan allowed claimant accommodations to address deficits in attention and focus).

Plaintiff argues that Claimant's testimony that she misses 2–3 days of school per month due to pain compels a finding that she has a marked limitation in attending and completing tasks. (Dkt. 17 at 8–9.) However, as the Eleventh Circuit recently found in *Planas*, "[Plaintiff's] reliance on [Claimant's] absences does not overwhelm the other evidence – including the opinions from the medical consultants – nor does it suggest that the ALJ's conclusion was not supported by more than a 'mere scintilla' of evidence." 842 F. App'x at 500 (citing 20 C.F.R. § 416.926a(e)(2), (h); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

To the extent that Plaintiff asks the court to reconsider Claimant's testimony in consideration of the domain of attending and completing tasks, the court cannot reweigh the evidence or substitute its judgment for that of the ALJ. *Bloodsworth*, 703 F.2d at 1239 ("We may not decide the facts anew, reweigh the evidence, or substitute

our judgment for that of the [Commissioner]."); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.")  As discussed above, the ALJ's decision must be affirmed as it employed the proper legal standards and was supported by substantial evidence.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on February 6, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record